UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
|     ELECTRONIC SERVICE PRODUCTS | ) | |
|     CORPORATION | ) | |
|         DEBTOR | ) | CASE NO. 17-30704 AMN |
| | ) | |
| | ) | |
| | ) | MAY 18, 2017 |

## EXPEDITED MOTION FOR INTERIM ORDER
## GRANTING AUTHORITY TO USE CASH COLLATERAL

Comes Now, ELECTRONIC SERVICE PRODUCTS CORPORATION, Debtor and Debtor In Possession (the Debtor), by and through its undersigned attorney, and hereby moves, pursuant to 11 U.S.C. § 363(c) and Federal Rules of Bankruptcy Procedure Rule 4001, for an order authorizing use of cash collateral, and as grounds therefore, represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334.

2. The statutory grounds for the relief requested in this Motion are 11 U.S.C. §§ 105 and 363, and Rule 4001(d)(1)(D) of the Federal Rules of Bankruptcy Procedure.

### BACKGROUND

1. The Debtor filed its voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Bankruptcy Code on May 12, 2017.   The Debtor has

continued in possession of its assets pursuant to Section 1108 of the Bankruptcy Code.

2. The Debtor is a Connecticut corporation that has been in operation since February, 1992.

3. The Debtor provides services to manufacturers' and manufactures parts for a variety of industries, primarily in the northeastern United States.

4. The Debtor's business operations have suffered over the past three years due to difficulties suffered by the corporation's vice-president, which resulted in a substantial decline in its business development and revenue.

5. The vice-president has removed himself from all operational aspects of the company and no longer participates in any capacity.

6. Shortly before the onset of these difficulties the Debtor took on significant debt to develop a business area that is no longer viable without the vice-president's participation.

7. Further exacerbating the Debtor's financial position was the cancelation of a contract with the United States Government worth 2.2 million dollars annually over three years.  The government canceled the contract after one year as it declined to continue procuring the armaments covered under the contract.  The debtor had borrowed significant funds to ramp up production for this contract and was then saddled with the debt from its investment while no longer receiving expected revenue.

8. The general decline in manufacturing businesses in the United States and in the northeast in particular has also hampered the Debtor's business growth and revenue over the past several years.

9. The Debtor has downsized its operation, reducing overhead significantly, and has developed a stream of reliable income in its machine servicing and laser parts cutting business areas.

10. The Debtor will suffer immediate and irreparable harm if it is not authorized to use cash collateral to fund the expenses set forth in the attached proposed budget.  Absent such authorization the Debtor will not be able to continue operating, causing harm to customers, employees, and creditors.

11. The Debtor acknowledges that PNL Asset Management LP and CTCIC may have liens against the cash collateral in accordance with 11 U.S.C. §§ 361 and 363.  In connection herewith the Debtor seeks to use Cash Collateral in the ordinary course of its business.

## **CASH COLLATERAL AND THE RELIEF SOUGHT BY THE DEBTOR**

1. The Debtor's use of property of the estate is governed by section 363 of the bankruptcy code which provides, in part, under § 363(c)(1):

    > If the business of the debtor is authorized to be operated under section … 1108 … of this title and unless the court orders otherwise, the trustee [debtor in possession] may enter into transactions, including the sale or lease of property of the estate in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

2. Under section 1107(a) of the Code a debtor in possession has all the rights and powers of a trustee with respect to property of the estate, including the right to

use property of the estate in compliance with Section 363 of the Bankruptcy Code, subject to any limitations set forth by the Court.

3. To the extent the secured creditor's liens constitute duly perfected, non-avoidable liens against the Debtor's assets, and specifically against the Debtor's cash and accounts receivable, the Debtor's cash and cash receipts constitute "cash collateral" as such term is defined under Section 363 of the Code.

4. The Debtor proposes to provide adequate protection to secured creditors (PNL Asset Management LP & CTCIC), pursuant section 361(a) of the Bankruptcy Code in the form of replacement liens in the Debtor's post petition cash, receivables, and other assets to the same extent, and with the same priority as they held over the Debtor's assets on the petition date.

5. The Debtor is in immediate need of the use of cash collateral in order to pay ongoing operating expenses including payroll, rent, taxes, insurance, procurement of supplies and materials, utilities, and other ongoing operating expenses.  A proposed interim operating budget is attached as exhibit A.

6. If the Debtor cannot use cash collateral it will be forced to cease operations. A result that will have dire consequences for its employees as well as its secured and unsecured creditors.

7. Furthermore, liquidation of the debtor's assets will return diminutive value to the estate and its creditors as the overall value of the physical assets and current receivables is projected to be less than ten percent of the Debtor's outstanding debt obligations.

8. The Debtor believes that the approval of this motion and the use of cash collateral is in the best interest of the Debtor, its creditors, and the estate as it will

enable the Debtor to continue the orderly operation of its business and avoid and immediate and complete shutdown of its operations. Allowing the Debtor to continue ongoing operations will enable it to meet its current operating expenses and begin to accumulate funds necessary to provide compensation for creditors under a plan of reorganization.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order:

1. Granting this Motion;
2. Authorizing the Debtor's use of cash collateral in accordance with the proposed budget;
3. Granting replacement liens to PNL Asset Management LP and CTCIC, and;
4. Granting such other relief as the Court deems appropriate under the current circumstances.

Date: May 18, 2017 at Meriden, CT

        Respectfully submitted

        ELECTRONIC SERVICE PRODUCTS CORP
        DEBTOR IN POSSESSION

        By:   /s/ William E. Carter

          William E. Carter, Esq.
          Its Attorney
          658 Broad Street
          Meriden, CT 06450
          203-630-1070
          Federal Bar No. CT28044
          Attorney for the Debtor

# EXHIBIT A

### *PROPOSED INTERIM MONTHLY OPERATING BUDGET*

| Bills | Monthly Amount | Notes |
|---|---:|---|
| Accountant | $416.67 | Subject to court approval |
| Electric | $1,021.25 | |
| Insurance (business) | $2,742.84 | |
| Insurance (health) | $2,709.12 | |
| Mileage & Gas for Trucks | $537.50 | |
| Misc Supplies (kitchen & office) | $161.25 | |
| Office Supplies | $750.00 | |
| Oil | $120.00 | |
| Payroll | $25,800.00 | |
| Telephone | $349.00 | |
| Rent | $2,000.00 | |
| Taxes | $845.84 | |
| Trash | $103.96 | |
| Water & Sewer | $60.00 | |
| | | |
| | $37,617.43 | |
| Projected Gross Monthly Income | $45,000.00 | |
| Projected Net Monthly Income | $7,382.57 | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
|     ELECTRONIC SERVICE PRODUCTS | ) | |
|     CORPORATION | ) | |
|         DEBTOR | ) | CASE NO. 17-30704 AMN |
| | ) | |
| | ) | |
| | ) | MAY 18, 2017 |

**NOTICE OF CONTESTED MATTER RESPONSE DEADLINE**

ELECTRONIC SERVICE PRODUCTS CORPORATION, Debtor and Debtor In Possession (the Debtor), by and through its undersigned attorney, has filed an Expedited Motion For Interim Order Granting Authority To Use Cash Collateral Pursuant to 28 U.S.C. § § 157 and 1334 and 363(c) and 11 U.S.C. §§ 105 and 363, and Rule 4001(d)(1)(D) of the Federal Rules of Bankruptcy Procedure (the Contested Matter), in the above captioned case.  Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than **JUNE 8, 2017**. [1] In the absence of a timely filed response, the proposed order in the Contested Matter may enter without further notice and hearing, see, 11 U.S.C. § 102(1).

    Dated:  May 18, 2017                                                                           By:  William E. Carter Esq.

---

[1] Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF CONNECTICUT
                          NEW HAVEN DIVISION

IN RE:                                )      CHAPTER 11
    ELECTRONIC SERVICE PRODUCTS       )
    CORPORATION                       )
         DEBTOR                       )      CASE NO. 17-30704 AMN
                                      )
                                      )
                                      )      MAY 18, 2017
```

### PROPOSED ORDER ON MOTION FOR AUTHORITY TO USE CASH COLLATERAL

THIS MATTER, having come before the Court, after consideration and a hearing on May ____, 2017 upon the Debtor's EXPEDITED MOTION TO USE CASH COLLATERAL (ECF No.)    it is hereby Ordered that:

1. The MOTION is granted on an in term basis subject to a final hearing:

2. The Debtor shall be entitled to use Cash Collateral to pay ordinary and necessary expenses in the course of operating its business;

3. The use of Cash Collateral shall be in accordance with the proposed budget put forth with the Motion and shall not exceed proposed budget expenses by more than a multiplier of twenty-percent (20%) in the aggregate

4. The Debtor grants, in favor of secured creditors (PNL Asset Management LP & CTCIC), a post-petition security interest and lien against the Debtor's assets to the same extent and priority that the creditors held prior to the filing of the Debtor's Chapter 22 Petition for relief;

5. This use of Cash Collateral provisions Order shall remain in effect until October 1, 2017, or until otherwise ordered by the Court, whichever should come sooner.

Dated:                                                        United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
|     ELECTRONIC SERVICE PRODUCTS | ) | |
|     CORPORATION | ) | |
|         DEBTOR | ) | CASE NO. 17-30704 AMN |
| | ) | |
| | ) | |
| | ) | MAY 18, 2017 |

### CERTIFICATION OF SERVICE

In accordance with the applicable provision of the Federal Rules of Bankruptcy Procedure, 2002, and 7004, the undersigned certifies that on the 18th day of May, 2017 the following documents were served on the U.S. Trustee and all appearing parties via the court's electronic filing system and by first class mail on the parties listed below:

**1.**     **Documents Served:**

    1.    Debtor's Expedited Motion For Interim Order Granting Authority To Use Cash Collateral

    2.    Exhibit A

    3.    Proposed Order

    4.    Notice of Contested Matter Response Deadline

**2.**     **Parties Served Via ECF:**

U.S. Trustee, on behalf of the US Trustee

**3.**     **Parties Served Via First Class Mail:**

| | |
|---|---|
| Office of the United States Trustee | Ron Bullock & Brad Backo |
| Giaimo Federal Building, Rm 302 | Owners |
| 150 Court Street | Al Smith Rigging |
| New Haven, CT 06510 | 26 Track Drive |
| | Binghamton, NY 13904 |

Brian T. Moynihan - CEO
Bank of America
100 North Tryon Street
Charlotte, NC 28255

Mark Cousineau, President
Community Investment Corp (CTCIC)
2315 Whitney Avenue #2B
Hamden, CT 06518

John Spangler, President
Control Solutions Inc.
9C Old Windsor Road
Bloomfield, CT 06002-1390

Albert Hammeke, President
Laser Technology Associates
28 Charles Street
Tolland, CT 06084

Ueli Jucker
57 Maple Street
Ellington, CT 06029

Michele Fliss
289 Deerfield Drive
Berlin, CT 06037

Charles Molinari
43 Palmer Drive
Meriden, CT 06450

David Porter, President
PNL Asset Management LP
2100 Ross Avenue Ste 2900
Dallas, TX 75201

Atty Randy Kabakoff, Partner
Rogin Nassau LLC
City Place I 22nd Fl
185 Asylum Street
Hartford, CT 06103

Shaun Kogut
144 Yalke Ave
Meriden, CT 06451

Thomas Woronick
61 Lonsdale Ave
Meriden, CT 06450

Burke Doan
Senior Vice President
TRUMPF Inc
111 Hyde Road
Farmington, CT 06032

Rafael Velez, President
Velsons Corporation
51 Virginia Ave
Danbury, CT 06810

By: /s/ Wm. E. Carter

William E. Carter
The Movant's Attorney
Law Offices of William E. Carter, LLC
658 Broad Street
Meriden, CT 06450
203-630-1070
Juris No. 428453